(26 Misc. Rep. 707.)

### MULLIGAN v. COX!

(Supreme Court, Appellate Term. March 20, 1899.)

APPEAL FROM MUNICIPAL COURT.

    Under the charter of the city of New York (section 1367), providing that an appeal from a judgment of the municipal court may be taken to the supreme court in the cases and manner prescribed by Code Civ. Proc. c. 19, tit. 8, art. 1, whereby such appeal shall be heard in the manner and by such justice or justices as the appellate division in the supreme court in the judicial department "embracing the district wherein the action is brought shall direct," the department having jurisdiction of the appeal is not changed by transfer of the case for trial from the district of the municipality in which the action was brought.

Appeal from municipal court, borough of the Bronx, First district.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Coleman & Donohue, for appellant.

F. Eder (Maurice Meyer, of counsel), for respondent.

GILDERSLEEVE, J. A proceeding, entitled as above, was brought to dispossess the tenant, Cox, for failure to pay rent. The

property affected is situated on the corner of 3d avenue and 177th street; and, prior to the Greater New York charter, it was in the jurisdiction of the district court in the city of New York for the Tenth judicial district, where the proceedings were duly begun in December, 1897. A trial was had, decision rendered, appeal taken, and decision reversed. 52 N. Y. Supp. 111. In the meantime the district courts had been abolished by the new charter, and the proceeding was remitted to the municipal court of said city of New York for the Second district of the Bronx, as the successor of the Tenth district court. The case was again called for trial, and happened to come before a justice disqualified to preside on account of interest in the matter, and it was therefore transferred for trial to the First district of the Bronx, which was the adjoining district. From the final order made upon the trial had in said First district an appeal was taken to this court, and a motion was made to strike the cause from the calendar, and dismiss the appeal. It is contended by the respondent that this appeal is improperly taken, and that the supreme court of this department has no jurisdiction, for the reason that the appeal rightfully belongs to the Second judicial department, county of Westchester. We think the appeal was properly taken, and should be heard in this department. The proceeding was brought in this department, and necessarily so brought, for the reason that the property affected is located within its limits. The proper appellate tribunal is determined by the locus of the inception of the action or proceeding, and not by the place where it is tried. Section 1367 of the charter of the city of New York, regulating appeals from the municipal courts, controls this question. It provides that an appeal from a judgment rendered in the municipal court of the city of New York may be taken to the supreme court in the cases and in the manner prescribed in articles 1 and 2 of title 8 of chapter 19 of the Code of Civil Procedure. Such appeal shall be heard in the manner and by such justice or justices as the appellate division of the supreme court in the judicial department embracing the district wherein the action is brought shall direct.

The motion to dismiss the appeal, therefore, must be denied, with $10 costs. All concur.